Hawk *vs.* Walworth.

---

## HAWK *vs.* WALWORTH.

Where A. makes a written contract with B. to build a gin for him, on certain terms, he cannot sue him for work and labor done ; nor, if such suit is brought, can he show, by oral testimony, that the work was or was not executed and completed according to the contract.

THIS was an action of assumpsit, tried in the Chicot Circuit Court, in May, 1842, before the Hon. ISAAC BAKER, one of the circuit judges. Hawk sued Walworth, in assumpsit, on a single count, for work and labor. The case was tried by a jury, on the general issue.

On the trial, a witness, refreshing his memory by a written contract, under seal, made between Hawk and Walworth, by his agent,

73

Hawl. *vs*. Walworth.

Aaron Register, testified that he was present when the contract was made between Hawk and Register, then the overseer and agent of Walworth, and detailed all the stipulations of the contract. The contract itself was not read in evidence. It was agreed, by the contract, that Hawk should build a gin-house for Walworth, of certain dimensions and description; that Hawk was to get out certain timbers, and Walworth was to haul them, and a mill was to be attached to the gin; that the work was to be done in substantial and workman-like manner, by the 1st of June, 1841 ,and Walworth was to pay him $600 for it, so soon as it was done; and, that Walworth was to furnish board, lodging, and washing, for Hawk, while the work was doing.

After this evidence was introduced, the plaintiff proposed to ask the witness whether Hawk had executed and completed the work according to contract. The court refused to permit this question to be put, or any other evidence to be introduced, and so nonsuited the plaintiff, who sued his writ of error.

*Pike & Baldwin*, for the plaintiff in error. The court below wholly mistook the law. The question proposed to be asked was a proper one, and, if answered in the affirmative, would have shown a clear right in the plaintiff to have maintained his present action.

It is now incontrovertibly settled, that indebitatus assumpsit will lie to recover the stipulated price due on a special contract, whether under seal or not, *where the contract has been completely executed;* and that it is not necessary, in such case, to declare on the special contract. *Poole et al. vs. Tuttle*, 2 *Fairf.* 467. *Alcorn vs. Westbrook*, 1 *Wils.* 117. *Harris vs. Oke, cited Doug.* 651. *Payne vs. Bacomb*, *Doug.* 651. *Reyes vs. Stone*, 5 *Mass.* 561. *Felton vs. Dickerson*, 10 *Mass.* 287. *Gordon vs. Martin*, *Fitz.* 302. *Meles vs. Moody*, 3 *Serg. & R.* 211. *Porter vs. Talcot*, 1 *Cowen*, 359. *Bank of Columbia vs. Patterson's Heirs*, 7 *Cranch*, 299. *Musson vs. Price*, 4 *East*, 147. *Cook vs. Munstor*, 4 *B. & P.* 351. *Clark vs. Gray*, 6 *East.* 564, 569. 2 *Saund.* 350, *n.* 2. *Ches. and Ohio Can. Co. vs. Knapp*, 9 *Pet.* 541. *Perkins vs. Hart*, 11 *Wheat.* 237. *Sewell vs. Schræppel*, 4 *Cowen*, 566. *Feeter vs. Heath*, 11 *Wend.* 477. *Dubois vs. Del. and Hud. Can. Co.*, 4 *Wend.* 285. *Kelly vs. Foster*, 2 *Binn.* 4. *Sykes vs.*

Patton & Stewart *vs.* Walcott.

*Summerel*, 2 *Browne*, 227.  *Snyder vs. Castor*, 4 *Yeates*, 353.  *Moorman vs. Graffenreid*, 1 *M. Const. Rep. So. Car.* 195.  *Rye vs. Stubos*, 1 *Hill, So. Car.* 384.  *Streeter vs. Horleck*, 1 *Bing.* 37.  *Studdy vs. Sanders*, 5 *B. & C.* 633.  *Neal vs. Viney*, 1 *Camp.* 471.

There are old cases sustaining the judgment of the court below. *Weaver vs. Boroughs*, 1 *Str.* 648.

But this was when it was the fashion to lay hold of a nonsuit, whenever it could be done.  It is far from being law, now.  In order to preclude the party from recovering on the common count, the special contract must be *open, unexecuted*, and *unrescinded*.  *Russell vs. South Britain Soc.*, 9 *Conn.* 508.  *Hayward vs. Kain, Mood. & Malk.* 311.

*By the Court*, DICKINSON, J.  The principle, that the best evidence the nature of the case will admit of must be produced, is so familiar that it may now be regarded as a universal maxim, subject only to such exceptions as show the rule can be dispensed with, when there is a loss or destruction of the higher grade of evidence; and, when that is the case, secondary testimony may be introduced.  The court unquestionably decided correctly, in admitting the written evidence offered, and excluding the secondary, which was oral, from the jury.  The proof shows, that the action was misconceived, and that the party must resort to his higher security.

Judgment affirmed.